CASE 54—PETITION ORDINARY—SEPTEMBER 24.

# Royse's ex'r vs. Royse.

APPEAL FROM NICHOLAS CIRCUIT COURT.

The bequest of a legacy by a creditor to his debtor does not release or extinguish the debt, unless there is something in the will directly expressive of such intention, or from which it can be implied. (2 *Williams on Ex.*, p. 1118.)

W. Norvell for appellant.

Stanton & Throop for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was instituted by appellant against appellee to enforce the payment of various sums of money claimed to be owing him in his fiducial character by appellee, which indebtedness, as is alleged, arose in the following manner:

Appellant's testator had become bound as the surety of appellee to a number of his creditors, and had, in his lifetime, paid off a part of those debts, leaving a part unpaid; and since his death appellant, as his personal representative, had paid off the residue thereof.

The payment of said debts, except the one to Thomas Magowan, as alleged, is admitted by the answer. But appellee, in his original answer, pleads, in avoidance of the demand, that the testator, who was his father, paid these debts for him, and never intended to charge him therewith, or to require him to pay them. And in an amended answer, he alleges that the testator, by his will (a copy of which is exhibited), released and discharged him from any indebtedness on account of the matters set up in the petition, and all other indebtedness whatever, by devising to him a part of his estate without charging him with said indebtedness, or any part thereof, which he relies upon as a bar to the action.

By agreement of the parties, the law and facts were submitted to the court, and a judgment was rendered in favor of the plaintiff below for $551 75, that being the unpaid balance

of the debts for which the testator was bound as the surety of appellee when he died, and which appellant has since paid.

Of this judgment appellant complains, because the amounts paid by his testator were not also included in it.

The will was the only evidence offered to sustain the defense, and the sole question presented for judicial determination is, whether there is an intention of the testator manifested on the face of the will to release or extinguish those debts. No such intention is declared in express terms on the face of the will. These debts are not mentioned; and if the testator intended to discharge appellee from their payment, it must be implied from the language and context of the instrument.

The evidences of the payments made by the testator were retained by him, and found among his papers, doubtless, as they are filed with the petition; but he might have preserved them for the purpose of showing, that, as between himself and the original holders of said debts, they were satisfied. The additional reason may also have operated upon him that they furnished evidence of an indebtedness by appellee to him, and he might have been influenced by both of these reasons; and as there is nothing on any of these documents indicating an intention to cancel, or discharge appellee from his obligation to pay their respective amounts, the rational supposition may be indulged that he was induced to retain and preserve said documents for both purposes.

It is said in Williams on Executors (*vol.* 2, *p.* 1118), where a creditor bequeaths a legacy to his debtor, and either does not notice the debt, or mentions it in such a manner as to leave his intention doubtful, and after his death the securities for the debt, if any exist, are found uncanceled among the testator's property, courts of equity do not consider the legacy to the debtor as necessarily, or even *prima facie*, a release or extinguishment of the debt, but require evidence clearly expressive of the intention to release. And if such intention does not appear clearly expressed or implied in the face of the will, evidence from other sources will be admitted.

The testator gave to his wife, during her life and widowhood, his farm and three slaves by name, and directed that if the residue of his slaves and personal property would not be sufficient to pay his debts, the deficiency was to be made up by a sale of the slaves, or as many of them as would be required, which he had devised to his wife. And at the death of his wife he directed his farm, and all the other property belonging to his estate, to be sold, and the proceeds equally divided among his children, except his son John, who was to have no part thereof, for the reason, as assigned in the will, that the testator had paid and advanced for him more than would be his equal share of his estate. This is the substance of the will.

The testator charges his personalty, and the slaves not given to his wife, first with the payment of his debts. All of the personalty and the remaining slaves were first to be exhausted in the payment of his debts before those whom he had given to his wife were to be applied to that purpose. The debts held by the testator on appellee constituted a part of his personal estate, and were assets in the executor's hands for the payment of debts; and the rational presumption is, that the testator intended that they should be collected and applied in the discharge of his own indebtedness.

But be that as it may, we have seen from the authority cited that the bequest of a legacy by the creditor to his debtor does not of itself release or extinguish the debt; and as there is nothing in the face of this will directly expressive of such intention, or from which it can be implied, it results that appellee was responsible for the debts paid by his father for him before his death, as well as those paid by his executor since.

Wherefore, the judgment is *reversed*, and the cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.